RE: CONFLICT OF INTEREST LAWS/RURAL WATER DISTRICT BOARDS
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER ASKING FOR ADVICE AS TO THE LAW GOVERNING CONFLICTS OF INTEREST INVOLVING THE MEMBERS OF GOVERNING BOARDS OF RURAL WATER DISTRICTS. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER.
I HAVE RESEARCHED YOUR QUESTIONS AT LENGTH, AND HAVE STRUGGLED TO FIND A WAY TO ADEQUATELY RESPOND TO THEM WITHOUT AT THE SAME TIME VIOLATING THE PROVISIONS OF 74 O.S. 18B, A STATUTE THAT GOVERNS THE AUTHORITY OF THE ATTORNEY GENERAL. THAT LAW AUTHORIZES THE ATTORNEY GENERAL TO ISSUE WRITTEN OPINIONS ONLY UPON MATTERS THAT MAY BE RESOLVED BY PURE APPLICATION OF LAW, AND DO NOT REQUIRE A REVIEW OF AN ACTUAL FACTUAL CONTROVERSY IN ORDER TO ARRIVE AT A LEGAL CONCLUSION. UNFORTUNATELY, IN THIS INSTANCE, I HAVE SIMPLY BEEN UNABLE TO RESOLVE THAT DILEMMA, DUE TO THE INHERENTLY FACTUAL NATURE OF THE QUESTIONS YOU POSE.
FOR INFORMATIONAL PURPOSES, I CAN POINT YOU TO A PRIOR ATTORNEY GENERAL OPINION THAT OUTLINES SOME BASIC RULES TO REFER TO WHEN CONFRONTED WITH THE TYPE OF QUESTIONS YOU RAISE IN YOUR LETTER. IN ATTORNEY GENERAL OPINION NO. 79-202, THE ATTORNEY GENERAL WAS ASKED WHETHER A RURAL WATER DISTRICT BOARD OF DIRECTORS. MAY ENTER INTO A CONTRACT WITH A DEVELOPMENT CORPORATION REQUIRING THE ACCEPTANCE OF WATER LINES CONSTRUCTED BY A BOARD MEMBER'S EMPLOYER, WHERE THE DEVELOPMENT CORPORATION AND THE CORPORATION EMPLOYING THE BOARD MEMBER ARE MANAGED AND CONTROLLED BY THE SAME OFFICERS. HE WAS FURTHER ASKED WHETHER THE BOARD MEMBER'S EMPLOYMENT WITH THE CONSTRUCTION FIRM CONSTITUTED AN UNLAWFUL CONFLICT OF INTEREST. IN ANSWERING, THE ATTORNEY GENERAL ADVISED:
 IT IS, THEREFORE, THE OPINION OF THE ATTORNEY GENERAL THAT A RURAL WATER DISTRICT BOARD OF DIRECTORS MAY NOT ENTER INTO A CONTRACT WITH A DEVELOPMENT CORPORATION WHICH REQUIRES THE ULTIMATE ACCEPTANCE OF WATER LINES CONSTRUCTED BY A BOARD MEMBER'S EMPLOYER WHERE THE BOARD MEMBER HAS A DIRECT OR INDIRECT INTEREST IN THE CONTRACT. A MEMBER OF A WATER BOARD IS "INDIRECTLY INTERESTED" IN A CONTRACT LET BY THE BOARD WHEN THE MEMBER HAS OR IS LIKELY TO HAVE A PECUNIARY OR PERSONAL INTEREST IN THE CONTRACT WHICH INTEREST IS LIKELY OR WOULD TEND TO INTERFERE WITH THE MEMBER'S OBJECTIVE PERFORMANCE OF HIS PUBLIC DUTY.
THIS ADVICE WAS BASED UPON THE TERMS OF 21 O.S. 344 (1981), WHICH GENERALLY MAKE IT A CRIMINAL OFFENSE FOR ANY PUBLIC OFFICER WHO IS AUTHORIZED TO MAKE ANY CONTRACT IN HIS OFFICIAL CAPACITY TO VOLUNTARILY BECOME INTERESTED, DIRECTLY OR INDIRECTLY, IN ANY SUCH CONTRACT.
YOUR QUESTIONS ALL STEM FROM A SET OF CERTAIN GIVEN FACTS THAT ALSO INHERENTLY REQUIRE DELVING INTO UNKNOWN FACTS THAT UNDERLIE OR WOULD FRAME THE MATTERS STATED IN YOUR LETTER. IN GENERAL, UNDER THE RATIONALE OF ATTORNEY GENERAL OPINION NO. 79-202, ANY CONTRACTUAL AGREEMENT THAT WOULD BENEFIT A MEMBER OF THE GOVERNING BOARD OF A RURAL WATER DISTRICT, DIRECTLY OR INDIRECTLY, IS UNLAWFUL. THE FACT THAT THE MEMBER IN QUESTION MIGHT HAVE ABSTAINED FROM VOTING ON THE MATTER, ACCORDING TO ATTORNEY GENERAL OPINION NO. 74-259, IS IRRELEVANT.
HOWEVER, THIS OFFICE CANNOT ADJUDICATE THE LAWFULNESS OF ANY PARTICULAR SITUATION, AS SUCH DETERMINATIONS ARE MATTERS LEFT UNDER THE LAWS OF THE STATE TO THE DISTRICT ATTORNEYS WHO ARE EMPOWERED TO PROSECUTE CRIMES, AND ULTIMATELY, TO THE DISTRICT COURTS.
I HOPE THAT THIS INFORMATION IS OF SOME ASSISTANCE TO YOU. IF YOU DESIRE FURTHER INFORMATION, OR HAVE ANY QUESTIONS ABOUT THIS LETTER OR THE REASONS BEHIND OUR DETERMINATION THAT WE CANNOT ISSUE A FORMAL OPINION, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE.
(MICHAEL SCOTT FERN)